IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOHNNY OLD CHIEF,**

       Petitioner,

  v.

**MARION FEATHERS**,

       Respondent.

No. 3:13-cv-02162-MO

ORDER

**MOSMAN, J.**,

      On April 2, 2014, Petitioner, in this closed 28 U.S.C. § 2241 habeas corpus case, filed an ex parte Declaration wherein he asked the court to allow him an additional 30 days in which to file his Notice of Appeal. The court construed this Declaration as a Motion for Extension of Time (#9). On April 30, 2014, I denied Petitioner's Motion for Extension of Time to file a Notice of Appeal on the basis that he failed to meet the notice requirement of Fed. R. App. P. 4(a)(5)(B). On August 22, 2014, Circuit Judges Schroeder and N.R. Smith issued an order remanding the case for the purpose of reconsidering whether or not Petitioner had in fact met the notice requirement of Fed. R. App. P. 4(a)(5)(B) given that on the same day he filed his Motion for Extension of Time he also filed a Notice of Appeal accompanied by a certificate of service. (#19).

1 –ORDER

An appeal from the denial of a habeas petition is considered a "civil" matter and is subject to the time limitations set forth in Fed. R. App. P. 4(a). *Malone v. Avenenti*, 850 F.2d 569, 571 (9th Cir. 1988); *Pratt v. McCarthy*, 850 F.2d 590, 591-92 (9th Cir. 1988). Under that rule as it pertains to cases involving a federal litigant, an appeal must be filed within 60 days of the date of judgment. Fed. R. App. P. 4(a)(1)(B). However, this Court may grant a 30-day extension of time upon a showing of excusable neglect or good cause for not meeting the original deadline. Fed. R. App. P. 4(a)(5). The Supreme Court has held that the determination of whether or not there has been excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993) (footnote omitted).

The court issued its Judgment in this case on January 8, 2014. Consequently, pursuant to Fed. R. App. P. 4(a)(1)(B), petitioner had until March 9, 2014 in which to file his Notice of Appeal, or he could have filed his ex parte Motion for Extension of Time within that time frame. However, because petitioner did not file his Motion for Extension of Time within his initial 60-day window, he was required to provide notice to counsel for respondent as well as make a showing of excusable neglect or good cause.

Upon reconsideration, I have determined that even if Petitioner's Notice of Appeal and accompanying certificate of service were sufficient to satisfy the notice requirement of Fed. R. App. P. 4(a)(5)(B), Petitioner's Motion for Extension of Time is still denied for failure to show excusable neglect or good cause. Petitioner argues that the excusable neglect requirement was

2 –ORDER

satisfied at the time that he filed his Motion for Extension of Time because the inmate who had previously prepared legal documents on his behalf was separated from the general prison population from December 4, 2013 until March 23, 2014, and was therefore unavailable to draft Petitioner's Notice of Appeal. Although the delay caused by granting Petitioner's motion for extension would be unlikely to prejudice the non-moving party or create a substantial effect or delay on the proceedings, the reason for the delay is not sufficient to constitute excusable neglect. Given the simplicity of a notice of appeal, one does not require any specialized knowledge of prior complex facts or proceedings to be able to draft a notice of appeal. Without any substantial effort, Petitioner could have either figured out how to draft his Notice of Appeal on his own or he could have found an adequate substitute inmate to help him. Thus, I find that Petitioner failed to make a showing of excusable neglect or good cause, and therefore he failed to meet the requirements of Fed. R. App. P. 4(a)(5). Petitioner's Motion for Extension of Time is denied.

    IT IS SO ORDERED.

    DATED this 2nd day of September, 2014.

/s/Michael W. Mosman
_____
MICHAEL W. MOSMAN
United States District Court

3 –ORDER